UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STERLING SAVINGS BANK,<br><br>                    Plaintiff,<br><br>    vs.<br><br>CLARK COUNTY BANKCORPORATION, et al.,<br><br>                    Defendant. | NO. CV-11-0224-JLQ<br><br><br>**ORDER DENYING MOTION TO CHANGE VENUE AND SETTING HEARING ON OCTOBER 7, 2011** |
| FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>                    Intervenor-Plaintiff,<br><br>    vs.<br><br>MICHAEL C. WORTHY, et al.,<br><br>                    Intervenor-Defendants. | |

    BEFORE THE COURT is Intervenor-Plaintiff's FDIC's Motion to Change Venue (ECF No. 15) to the Western District of Washington.  On August 18, 2011, the court heard  telephonic argument.    Bruce McDermott participated on behalf of the moving party, Defendant FDIC. Appearing on behalf of Plaintiff Sterling Savings Bank was Leslie Weatherhead.   Defendant Clark County Bancorporation and other individual Defendants were represented by Stephen Leatham. Also appearing on behalf of Defendant Capeloto was Jan Kitchel and on behalf of Defendant York was Scott Whipple.

ORDER - 1

**I. BACKGROUND**

Plaintiff Sterling Savings Bank is a Washington bank headquartered in Spokane, Washington. Defendant Bank of Clark County (BOCC) is a Vancouver, Washington bank which in 2005 entered into a loan agreement with Sterling Savings, pursuant to which Sterling Savings provided BOCC a $6 million line of credit. BOCC suffered substantial losses in 2009 leading to its insolvency. In May 2009, Sterling Savings Bank commenced suit in Spokane County Superior Court against BOCC and 13 former directors and officers of the bank, who apparently primarily reside in the Western District of Washington. Sterling Savings' Second Amended Complaint alleges claims based upon the mismanagement of BOCC, an alleged improper transfer of funds, and misrepresentations relating to BOCC's financial condition and business operations. Its specifically asserts claims for 1) breach of fiduciary duty, 2) negligent misrepresentation, 3) negligence, and 4) fraud. Sterling is based in Spokane, Washington, in the Eastern District of Washington and chose the file the action in the Superior Court for Spokane County. The Second Amended Complaint alleges, *inter alia*, that venue is proper in Spokane County because the 2005 Business Loan Agreement between Sterling Savings and BOCC contains a venue provision which provides:

> Choice of Venue. If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of Spokane, County, State of Washington.

Over two years after the commencement of the suit, on June 3, 2011, the state court granted the FDIC's Motion to Intervene as the receiver of BOCC also to allege similar claims of mismanagement against BOCC and all but two of the same individual directors and officers. In support of its Motion to Intervene, the FDIC's brief asserted that its intervention would not "unduly delay or prejudice the adjudication of the rights of Plaintiff or defendants." ECF No. 1. On June, 8, 2011 the FDIC removed the case to this court and filed its Motion for Change of Venue. At no time from the commencement of this action in state court in 2009 did any of the Defendants seek a change of venue.

It is undisputed that the majority of material non-party witnesses reside primarily in the Western District of Washington. The FDIC is located in Washington, D.C. with a

satellite office in Irvine, California. It has no greater connection to the Western District of Washington than to the Eastern District of Washington.  In its Motion For Change of Venue, the FDIC relies only on the alleged convenience to the Defendants and alleged witnesses, although Sterling also claims some of its witnesses are based in Spokane.

**II.    Legal Standard**

Under 28 U.S.C. § 1404(a), a district court has discretion to "adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc*., 211 F.3d 495, 498 (9th Cir .2000)(*citing Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). Section 1404(a) reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

When a court evaluates a § 1404(a) motion, the plaintiff's "choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice 'should not be lightly disturbed.' "  *Shuttle v. Armco Steel Corp*., 431 F.2d 22, 25 (3d Cir. 1970), cert. denied, 401 U.S. 910 (1971) .  The burden is on the movant to make the strong showing that a change of venue is warranted. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2nd 834, 843 (9th Cir. 1986).  Accordingly, "§ 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964).  Finally, a decision to transfer is committed to the sound discretion of the trial court.

In assessing whether to grant a motion to transfer, the court is presented with two questions: whether the action "might have been brought" in the proposed transferee district; and whether the transferee forum is more convenient. See 28 U.S.C. § 1404(a). Here, neither party disputes that this case might have been brought in the Western District of Washington. Determining whether to transfer a civil action from one forum to another "for the convenience of parties and witnesses" and in the interest of justice" requires the

Court to weigh multiple factors, such as the following: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with governing law, (3) the Plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to Plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of non-party witnesses, and (8) the ease of access to sources of proof." *Jones*, 211 F.3d at 498.

## III.  DISCUSSION

The FDIC neither challenges the validity of the forum selection clause nor asserts that the Eastern District of Washington is an improper forum for the independent tort claims.  Rather, the FDIC's primary contention is that the convenience of the non-party witnesses and the majority of the parties weighs in favor of transferring this matter to the Western District.  It also contends that because Sterling Savings' claims are torts, separate and independent of its loan agreement, the agreement's forum selection clause does not provide a basis for litigating this case in this district.  Defendant Capeloto has filed a statement of non-opposition to the FDIC's Motion and Defendant York has filed a memoranda in support of the Motion.

Sterling Savings opposes the motion, arguing that the interests of justice favor according its choice of forum in this now two-year old case.   Sterling Savings relies upon its forum selection clause found in its loan agreement and also notes that the FDIC is a late comer to the action and asked to intervene here instead of filing a separate action in a forum of its choosing.  Sterling Savings also argues that the parties have "waived any objection regarding venue" by failing to raise any objection in their responsive pleadings in the state court proceedings.

Sterling Savings does not assert a claim for breach of contract. Sterling Savings' claims are breach of fiduciary duties, negligent misrepresentation, negligence and fraud. It is well established that forum selection clauses can apply equally to contractual and tort causes of action.  *See, e.g., Manetti–Farrow, Inc. v. Gucci America, Inc*., 858 F.2d 509,

514 (9th Cir.1988); *accord Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 221–22 (5th Cir. 1998) ("We find no persuasive support for such a general distinction [between tort and contract claims in the context of forum selection clauses]."); *Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190, 203 (3d Cir. 1983), abrogated on other grounds *by Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495 (1989) (rejecting plaintiff's argument that the forum selection clause is inapplicable to tort claims). However, in determining whether a forum selection clause applies to a tort claim, Ninth Circuit precedent requires the court to consider whether "resolution of the claims relates to interpretation of the contract." *Manetti–Farrow, Inc.*, 858 F.2d at 512.  In *Manetti-Farrow*, the court found that because the tort claims could not be adjudicated without analyzing whether the parties were in compliance with the contract, the claims were within the scope of the forum selection clause.

Sterling Savings' claims are not based upon any explicit contractual promise, but rather a fiduciary duty that it asserts ought to be implied by law as a result of a loan agreement between the parties. However, the fact that this case involves an agreement which was negotiated and executed with a corporation headquartered in this district is a fact the court can and does consider.

More importantly however, since there is no allegation that venue here is improper, the court finds the FDIC has not made a strong showing of inconvenience, as the law requires in order to justify disturbing the Plaintiff's choice of forum.   The single factor the FDIC relies on in suggesting the Eastern District is inconvenient, is the number of Defendants and non-party witnesses who reside in the western half of this state.  Yet in two years, none of the Defendants raised a challenge to Plaintiff's choice of forum, and still today, only one of thirteen individual Defendants, Ms. York, has actually expressed to the court that this forum is less convenient for her than the Western District of Washington would be.  The relatively marginal difference in distance between the Plaintiff's location in the Eastern district and counsel for the FDIC's office in the Western District would not appear to have a significant effect on convenience.  As this case now

ORDER - 5

stands, convenience is largely a neutral factor in this § 1404(a) analysis.

The 9th Circuit advises that when a discretionary venue transfer would only shift the inconvenience from defendant to plaintiff, the motion to transfer should be denied. *Gherebi v. Bush*, 352 F.3d 1278, 1302–03 (9th Cir. 2003), vacated on other grounds by *Bush v. Gherebi*, 542 U.S. 952 (2004). "[A]s a general matter, the district court is not required to determine the best venue, and transfer under § 1404(a) should not be freely granted." *Gherebi*, 352 F.3d at 1303 (internal citations and quotations omitted).

Accordingly, **IT IS HEREBY ORDERED**:

1. Intervenor-Plaintiff's  FDIC's Motion to Change Venue (**ECF No. 15**) is **DENIED** with leave to renew should Sterling Savings' claims no longer be involved in this case.

2.  The FDIC shall file its Motion to Dismiss the claims of Plaintiff Sterling Savings no later than **August 29, 2011** and shall note it with oral argument on Friday, **October 7, 2011** at 9:00 a.m. in Spokane, Washington.  Any Response(s) shall be filed no later than **September 16, 2011**.  A Reply is due no later than **September 26, 2011**.

3. The hearing on Defendants' Motion to Compel Mediation or for Remand (ECF No. 36) on October 14, 2011 is **STRICKEN** and is **RESET** for hearing on October 7, 2011 at 9:00 a.m. in Spokane, Washington.

4. The court will set pretrial deadlines and schedule this matter for trial, if necessary, after ruling on the motions set for hearing on October 7, 2011.

5. Should any of the parties reach a settlement in this case, counsel shall promptly notify the court by calling, 509-458-5280.

**IT IS SO ORDERED**.  The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 19th day of August, 2011.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE