UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STERLING SAVINGS BANK,<br><br>               Plaintiff,<br><br>  vs.<br><br>CLARK COUNTY BANKCORPORATION, et al.,<br><br>               Defendant. | NO. CV-11-0224-JLQ<br><br><br>**ORDER GRANTING MOTION TO CHANGE VENUE; TRANSFERRING CASE TO THE WESTERN DISTRICT OF WASHINGTON** |
| FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>               Intervenor-Plaintiff,<br><br>  vs.<br><br>MICHAEL C. WORTHY, et al.,<br><br>               Intervenor-Defendants. | |

BEFORE THE COURT is Intervenor-Plaintiff's FDIC's Renewed Motion to Change Venue (ECF No. 102) to the Western District of Washington. There has been no response to the Motion filed by the Intervenor-Defendants. The court therefore *sua sponte* expedites its consideration of this matter. See L.R. 7.1(h)(2)©.

**I. BACKGROUND**

On August 19, 2011, the court denied Intervenor-Plaintiff FDIC's first Motion to Change Venue, but indicated that the FDIC could renew its venue motion if Sterling Savings Banks' claims no longer were an issue in the case since only Western Washington and Western Oregon parties and the FDIC would remain in the case. ECF

ORDER - 1

No. 41.  On December 7, 2011, the court ordered that final judgment of dismissal be entered as to Sterling Savings' claims and terminated Sterling Savings as a party.  The only remaining claims are those of the FDIC and the Crossclaims of the Intervenor-defendants against Intervenor-Defendant, David Kennelly.   The FDIC has now renewed its Motion for Change of Venue and requests the court to transfer this case to the Western District of Washington for the convenience of the remaining parties and witnesses, and to reduce the cost of litigation.

The events giving rise to the FDIC's claims occurred in Clark County, Washington, which is in the Western District of Washington.   According to the FDIC, the majority of material non-party witnesses also reside in the Western District of Washington. The FDIC is located in Washington, D.C. with a satellite office in Irvine, California.  The office of counsel for the FDIC is located in Seattle, Washington.

The individually named Intervenor-Defendants were directors and officers of the Bank of Clark County, which operated out of Vancouver, Washington.  The Intervenor-Defendants primarily reside in Clark County, Washington.   The offices of counsel for the Intervenor-Defendants are located in Portland, Oregon and Vancouver, Washington.

## II.    DISCUSSION

Under 28 U.S.C. § 1404(a), a district court has discretion to "adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc*., 211 F.3d 495, 498 (9th Cir .2000)(*citing Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). Section 1404(a) reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The burden is on the movant to make the strong showing that a change of venue is warranted. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2nd 834, 843 (9th Cir. 1986). A decision to transfer is committed to the sound discretion of the trial court.

In assessing whether to grant a motion to transfer, the court is presented with two questions: whether the action "might have been brought" in the proposed transferee district; and whether the transferee forum is more convenient. See 28 U.S.C. § 1404(a). There is no dispute this case might have been brought in the Western District of Washington.

Determining whether to transfer a civil action from one forum to another "for the convenience of parties and witnesses" and in the interest of justice" requires the Court to weigh multiple factors, such as the following: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with governing law, (3) the Plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to Plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of non-party witnesses, and (8) the ease of access to sources of proof." *Jones*, 211 F.3d at 498.

This court has a practice of retaining jurisdiction over actions filed herein and not imposing on the judges of other districts to adjudicate such matters.  The present circumstances of this case, however, dictate that since this action arose in Western Washington, the parties and counsel reside in or near Western Washington, and the great majority of witnesses reside in that vicinity, that this matter should be transferred to the United States District Court for the Western District of Washington as requested by all remaining parties and attorneys.

Based upon the foregoing,  **IT IS HEREBY ORDERED THAT**:

1. The FDIC's Motion to Change Venue (ECF No. 102) is **GRANTED**.

2. This case is hereby **TRANSFERRED** to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1406.

3. The District Court Executive is directed to enter this Order, and forward a copies to counsel. The District Court Executive is further directed to forward this file with a copy of this Order to the Clerk of the United States District Court for the Western

ORDER - 3

District of Washington and **CLOSE THE FILE** in this district.

   **DATED** this 19th day of January, 2012.


                    s/ Justin L. Quackenbush
               JUSTIN L. QUACKENBUSH
          SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4